UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON DAVIS,<br><br>      Plaintiff,<br><br>  -v-<br><br>ANA THOMPSON, Acting administrator in the office of [Judge]; BIJU KOSHY, Acting administrator in the office of [Judge]; MICHAEL McMAHON, (acting as) Staten Island District Attorney; AHKIANNE WANLISS, (acting as) Staten Island Assistant District Attorney, Domestic Violence; ADA MOLINA, Acting as Chief Administrative Clerk; MATTHEW MOBILIA, ESQ.; DEEDRA BULLOCK, home intruder and alleged victim; and DAVID DOUGLAS, home intruder and alleged victim,<br><br>      Defendants. | 22 Civ. 10854 (JPC)<br><br>ORDER |

JOHN P. CRONAN, United States District Judge:

  Plaintiff Jason Davis, of Staten Island, Richmond County, New York, brings this *pro se* action asserting that the defendants have been violating his federal constitutional rights. *See* Dkt. 1 ("Complaint").[1]  He sues the following defendants: (1) Ann Thompson, Acting Justice of the New York Supreme Court, Richmond County, and Supervising Judge of the New York City Criminal Court, Richmond County; (2) Biju Koshy, Judge of the New York City Criminal Court, Richmond County; (3) Michael McMahon, District Attorney of Richmond County; (4) Ahkianne Wanliss, Assistant District Attorney of Richmond County; (5) Ada Molina, Chief Clerk of the New York City Criminal Court, Richmond County; (6) Matthew Mobilia, Esq., an attorney whose office is located in Richmond County; (7) Deedra Bullock, who Plaintiff describes as a "home intruder and alleged victim," of Saint Albans, Queens County, New York; and (8) David Douglas, who

---

[1] Plaintiff has paid the fees to bring this action.

Plaintiff also describes as a "home intruder and alleged victim," of Saint Albans, Queens County, New York. *Id.* at 2-4. Plaintiff asks the Court to dismiss his pending Richmond County state court criminal action with prejudice and seeks damages. *Id.* at 6.

For the following reasons, the Court transfers this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Eastern District of New York.

## Discussion

Under 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. As relevant here, "a natural person" resides in the judicial district where that person is domiciled, and "an entity with the capacity to sue and be sued" that is named as a defendant resides "in any judicial district where it is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1), (2).

Plaintiff alleges that Defendants Bullock and Douglas reside in Saint Albans, which is in Queens County, New York. Complaint at 3-4. While Plaintiff does not specify the residences of the other six Defendants, he alleges that they are employed in Staten Island, which is in Richmond County, New York. *Id.* at 3. He also alleges that the events giving rise to his claims occurred in Richmond County. *Id.* at 4. Queens and Richmond Counties both lie within the Eastern District of New York. *See* 28 U.S.C. § 112(c).[2] Because Plaintiff does not allege that any of the Defendants

---

[2] The judicial district for this Court—the Southern District of New York—is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York

reside within the Southern District of New York, and because he alleges that the events that are the bases for his claims occurred in Richmond County, which is in the Eastern District of New York, from the face of the Complaint, venue does not appear to be proper in this District under section 1391(b).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As noted, Plaintiff alleges that the events that form the bases for his claims occurred in Richmond County. Venue for this case thus lies in the United States District Court for the Eastern District of New York under section 1391(b)(2). In the interest of justice, the Court therefore transfers this action to the United States District Court for the Eastern District of New York.

## Conclusion

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1406(a). This Order closes this action in this Court. The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 4, 2023
         New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *Id.* § 112(c).